IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TANGELA WATTS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:19-CV-2921-M-BH |
| ) | |
| DALLAS COUNTY CHILD PROTECTIVE ) | |
| SERVICE UNIT, et al., ) | |
| ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow court orders.

### I.  BACKGROUND

After the *pro se* plaintiff filed this action in the Eastern District of Arkansas, it was transferred and opened in this district. (*See* docs. 2, 3.) She was granted leave to proceed *in forma pauperis*. (*See* docs. 9, 10.) On July 15, 2022, she was sent a questionnaire to obtain more information about her claims. (*See* doc. 11.) The questionnaire specifically advised the plaintiff that her answers to the questionnaire were due within fourteen days, and that a failure to file her answers could result in the dismissal of her case. *Id.* She failed to respond. On August 1, 2022, she was again sent a questionnaire to obtain more information about her claims. (*See* doc. 12.) The questionnaire again specifically advised that answers were due within fourteen days, and that a failure to file her answers could result in the dismissal of her case. *Id.* More than fourteen days from the date of the second questionnaire have passed, but the plaintiff has not filed answers to either questionnaire, or anything else in this case.

---

[1] By *Special Order No. 3-251*, this pro se case has been automatically referred for full case management.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court.  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  The plaintiff twice failed to comply with orders that she provide questionnaire answers despite warnings that failure to do so could result in dismissal of the case.  Se has not filed anything else in the case.  Because the plaintiff failed to follow a court order or otherwise show that she intends to proceed with this case, it should be dismissed.

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless the plaintiff files answers to the questionnaires within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 18th day of August, 2022.**

                        IRMA CARRILLO RAMIREZ
                        UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE